## LEMMENES v. DURNELL, Sheriff

No. 5356.  Decided July 16, 1934.  (34 P. [2d] 710.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*W. S. Dunford,* of Provo, for respondent.

MOFFAT, Justice.

This is a civil appeal from the Fourth district court in and for Utah county, wherein the court denied the petition for a writ of habeas corpus.

The petition of Lemmenes alleges:

"1. That he is restrained of his liberty by the defendant, George Durnell, Sheriff of Utah County, in Provo, Utah; that the cause or pretense of such restraint according to the best information of your petitioner is that on or about the 24th day of February, 1932, he drove a Dodge truck into Provo City, Utah, from Los Angeles as an employee of Revels & Chomas, the owners of said truck and on said date was arrested by one E. B. Loveless and charged with the crime of driving a truck carrying a load greater than that for which a license had been issued upon the public highways of the State of Utah, to which charge your petitioner pleaded guilty and in the City Court for Provo City, Utah, and said court assuming to act under and pursuant to section 86, chapter 49 of the Laws of Utah, 1931, pretended to impose a judgment upon your petitioner that he pay a fine of $277.50, or that he be imprisoned in the County Jail of Utah County

one day for each dollar of the fine so imposed and thereupon your petitioner was committed to the defendant, as Sheriff of Utah County, and imprisoned, and thereafter your petitioner was released and discharged and the defendant has taken your petitioner into custody and restrains him of his liberty, claiming and asserting as authority therefor the judgment of said court of Provo City hereinabove referred to.

"2. That the judgment hereinabove referred to was illegal and void in that the said City Court of Provo City sought to impose a penalty contrary to and in excess of the statutes of the State of Utah, and the restraint of your petitioner is because of the invalidity of said judgment likewise illegal and wrongful.

"3. That the legality of the imprisonment of your petitioner has not all been adjudged upon a prior habeas corpus proceeding or any otheer proceeding of like character, and no application for the Writ of Habeas Corpus has been made to any court or judge within the State of Utah.

"Wherefore, your petitioner prays that a Writ of Habeas Corpus issue herein and that George Durnell, Sheriff of Utah County, be required to produce your petitioner before this court at a time certain, and that this court adjudge said imprisonment to be illegal and void, and that your petitioner be restored to his liberty, and that he be granted general relief."

For and against the petition oral and documentary evidence was presented to and received by the court. From the evidence it appears that on the 24th day of February, 1932, a complaint was filed before Maurise Harding, judge of the city court of Provo City, Utah, charging the defendant, M. C. Lemmenes, with the offense set forth in his petition for a writ of habeas corpus filed in the district court. From the city court record it appears that on that day, February 24, 1932, the defendant appeared in the city court and entered a plea of guilty to the complaint after the complaint had been read and he had been advised by the court of his legal rights. Thereupon the judge of the city court fixed the bail at $300 and set the time for imposing sentence at 10 o'clock a. m., February 25, 1932, and remanded the defendant to the custody of the sheriff.

At the time set the defendant appeared in court, and the docket of the city court shows:

"Defendant present in court and was sentenced to pay a fine of $277.50. If the fine or any part thereof be not paid, defendant is to be imprisoned in the county jail of Utah County, Utah one day for every dollar of the fine unpaid, *but the imprisonment not to exceed 180 days.*" (Italics added.)

The record shows that on February 29, 1932, the sum of $277.50 was deposited as cash bail for the defendant.

On March 31, 1932, an order was "made and entered requiring the bondsmen to produce the defendant on or before April 12, 1932, at 10 a. m., for execution of sentence."

The testimony of the clerk of the court and also that of the judge who imposed the sentence was to the effect that the words of the record above italicized, *but the imprisonment not to exceed one hundred eighty days,* were added to the docket record on the 8th day of April, 1932, the day the commitment was issued committing the defendant to jail and also the day the petition for a writ of habeas corpus was filed in the district court.

The record shows that the clerk was not actually present in court at the time the sentence was imposed, and that his minute entries and the docket entries relating to the sentence were written by him from certain notes or memoranda and understood customs relating to such matters at a later time; the exact time does not appear.

It is also shown by the evidence that about two weeks before the question arose in this case that the judge of the city court had observed the docket entry and had directed the clerk to correct it by inserting therein, *"but imprisonment not to exceed 180 days."* The correction or addition to the record was not made nor was the docket signed until the commitment was issued on April 8, 1932, and just before the issuance and service of the writ of habeas corpus on the defendant, Sheriff Durnell.

The court entered an order that the judgment of the city court was a valid judgment, and that the petition should be denied. Appellant assigns error upon the order or decision

of the district court. Unfortunately the record upon appeal contains no judgment roll. The abstract filed contains no findings of fact nor any judgment. A minute entry is included in the abstract and the complete statement of the judge of the district court is made a part of the bill of exceptions, indicating that the trial judge denied the writ, and stated fully his reasons therefor. The record fails to disclose any findings of fact or judgment made, entered, or filed in pursuance of the order.

There being no judgment or findings in the record, it must be presumed none were made or filed. There being no judgment from which to appeal, the appeal is purely abortive, and of no effect; there being nothing for the court to review. The *attempted* appeal must therefore be dismissed; respondent to recover costs.

Such is the order.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.